**Albert W. BEVERLY**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare.**

Civ. A. No. 75–0089–A.

United States District Court, W. D. Virginia, Abingdon Division.

Aug. 14, 1975.

S. Strother Smith, Abingdon, Va., for plaintiff.

Carr L. Kinder, Jr., Asst. U. S. Atty., Roanoke, Va., for defendant.

## MEMORANDUM OPINION AND ORDER

TURK, Chief Judge.

Plaintiff has filed this action challenging the final decision of the Secretary of Health, Education and Welfare denying his claim for "black lung" benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 *et seq.* The jurisdiction of this court is based upon § 413(b) of the Act, 30 U.S.C. § 923(b), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The issues to be decided by this court are whether the Secretary's decision is supported by "substantial evidence," and if it is, this court must affirm, or whether there is "good cause" to justify remanding the case to the Secretary for further consideration.

The plaintiff, Albert W. Beverly, was born on January 30, 1913, and completed the fifth grade in school. Mr. Beverly went to work in the Nation's coal mines in 1937 and last worked as a miner in 1968. Mr. Beverly testified that, with the exception of only two years, he worked continuously during the intervening period. Plaintiff worked in a variety of manual labor capacities, most of which involved exposure to significant quantities of coal dust. Mr. Beverly now alleges that, as a result of his many years in the mines, he has developed pneumoconiosis of a severity sufficient to entitle him to benefits under the Act.

The medical evidence in this case consists of numerous roentgenographic (x-ray) interpretations, a blood case study, and general medical diagnoses. Three medical reports and four x-ray interpretations dated within a period from October 13, 1967 to April 10, 1973 were all essentially negative for lung disease or significant respiratory impairment. However, on July 3, 1973, Dr. J. C. Buchanan offered a clinical impression of "chronic obstructive lung disease which from the history probably includes both coal worker's pneumoconiosis and chronic bronchitis." (TR 92). On Dr. Buchanan's request, Dr. Shiv Navani conducted an x-ray examination with report dated July 5, 1973. Dr. Navani described the possibility of pneumoconiosis 1/0 q with calcification in the hilar lymph nodes. On July 11, 1973, Dr. Buchanan prescribed medicine for Mr. Beverly to remedy shortness of breath and with an operative diagnosis of pneumoconiosis. In a report dated November 20, 1973, Dr. Panos Gregoriou noted extensive pneumoconiosis on the basis of an x-ray of Mr. Beverly's chest. An x-ray report by Dr. H. L. Bassham dated November 21, 1973 described small rounded discrete opacities consistent with pneumoconiosis, category 1/0 p. Dr. Shiv Navani provided another x-ray interpretation with report dated November 21,

1973. Dr. Navani noted "numerous densities scattered in the lungs indicating presence of coal worker's pneumoconiosis of type p ½." (TR 91). Dr. John Chapman re-read the two films previously interpreted by Doctors Bassham and Navani with reports dated November 21, 1973. Dr. Chapman considered Dr. Navani's film to be "very light" and attributed Dr. Navani's conclusions to this under penetration." (TR 94). Dr. Chapman simply disagreed with Dr. Bassham in that he interpreted that radiologist's film to be indicative of no pneumoconiosis or other significant pulmonary disease.

Subsequent to the decision of the Administrative Law Judge, an arterial blood gas study was conducted by Dr. W. J. Boyd. With his report dated October 21, 1974, Dr. Boyd reported a $PaCO_2$ of 36 mm. Hg and $PaO_2$ of 60 mm. Hg. Dr. Boyd correctly noted that the "patient missed qualifying by *only* one mm. Hg" under the guidelines of the Appendix to Subpart D of the administrative regulations.

In an opinion adopted as the final decision by the Secretary, the Administrative Law Judge concluded that the x-ray evidence does not establish the existence of pneumoconiosis and that Mr. Beverly does not suffer from a severe respiratory impairment. Furthermore, the Law Judge found plaintiff not to be disabled within the meaning of the Act.

The court has concluded that this determination is not supported by "substantial evidence." The only negative medical evidence subsequent to April 10, 1973 consisted of the re-readings of Dr. John Chapman. Plaintiff correctly contends that his claim may not be denied solely on the basis of negative chest x-ray. It is impossible to determine whether this was the case since the Administrative Law Judge made no attempt to relate his findings of non-disability to the medical evidence of record. Certainly, the Administrative Law Judge's statement that "the x-ray evidence, as a whole, strongly indicates the absence of pneumoconiosis or any other severe respiratory impairment" (TR 13) is not justified by the record.

The court further notes that the lay evidence, the positive x-rays, the blood gas study, and the medical reports from the Southwest Virginia Community Health Services, Inc. all constitute evidence of significant lung dysfunction. Even if Mr. Beverly does not meet the interim guideline requirements of 20 C.F.R. § 410.414(b), his long mining career entitles him to consideration under all the other presumptions allowed by the regulations, including 20 C.F.R. §§ 410.414(b) and 410.416(a). The evidence described above is relevant to the question of the existence of pneumoconiosis, actual or presumed, and the degree of disability resulting therefrom. (20 C.F.R. §§ 410.414(b) and 410.416(a). The evidence described above is relevant to the question of the existence of pneumoconiosis, actual or presumed, and the degree of disability resulting therefrom. (20 C.F.R. §§ 410.412 to 410.428). There is no indication that either the Administrative Law Judge or the Social Security Administration's Appeals Council (which reviewed the blood gas study) analyzed Mr. Beverly's claim in the aforementioned context.

In summary, the medical record is too inconclusive to permit a proper resolution of this claim. However, Mr. Beverly has demonstrated evidence of a significant lung impairment which obviously was not adequately considered by the Administrative Law Judge. Consequently, the court finds "good cause" to justify remanding this case to the Secretary for further consideration and development. Upon remand, either side will be afforded the opportunity to present additional evidence.